**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 3 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| THOMAS GREGORY SHEA, | No. 22-16778 |
| Plaintiff-Appellant, | D.C. No. 3:21-cv-00518-CLB |
| v. | |
| LELAND DUDEK, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Nevada
Carla Baldwin, Magistrate Judge, Presiding

Submitted March 3, 2025[**]

Before: O'SCANNLAIN, KLEINFELD, and SILVERMAN, Circuit Judges.

Thomas Gregory Shea appeals pro se the district court's affirmance of the

Commissioner of Social Security's denial of his application for supplemental

social security income under Title XVI of the Social Security Act (Act). We have

jurisdiction under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo,

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

*Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012), and we affirm.[1]

Contrary to Shea's contention, because the record was neither ambiguous nor inadequate, the ALJ was not required to develop the record further with respect to Shea's mental impairments. *See Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

Substantial evidence supports the ALJ's determination that Shea did not have an impairment or combination thereof that meets or medically equals a listed impairment. *See Tackett v. Apfel*, 180 F.3d 1094, 1099 (9th Cir. 1999) (citing 20 C.F.R. § 404.1526); *see also Molina*, 674 F.3d at 1110. The ALJ reasonably determined the record evidence as a whole did not support Shea's symptoms and allegations, and further, that Shea was mentally capable of performing basic work activities. *See id*.; *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005); *see also Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1196 (9th Cir. 2004) ("When evidence reasonably supports either confirming or reversing the ALJ's decision, we may not substitute our judgment for that of the ALJ.").

---

[1] Shea's "motion to proceed In Forma Pauperis" at Docket Entry (DE) No. 13 is denied as unnecessary because the district court previously granted Shea's motion and the status was not revoked. Shea's "motion for extension of time" at DE No. 14 is denied as unnecessary because the opening brief was filed. Shea's "motion to transmit exhibit" at DE No. 15 is granted. Shea's "notice of delay" at DE No. 33 and "motion to compel a ruling on the appeal" at DE No. 37 are denied as moot.

Substantial evidence supports the ALJ's ruling that the State agency psychological consultant's 2012 opinions were not supported by the objective findings, and were too attenuated to be relevant to the period at issue. Likewise, substantial evidence supports the ALJ's decision to give significant weight to the opinions of the State agency's medical consultants with respect to Shea's limitations concerning driving and other hazards. *See Molina*, 674 F.3d at 1110; *see also Bayliss*, 427 F.3d at 1214 n.1; *see also Batson*, 359 F.3d at 1196.

The ALJ properly relied on the vocational expert's testimony. *See Bray v. Comm'r of Soc. Sec. Admin.*, 554 F.3d 1219, 1223 n. 4 (9th Cir. 2009); *see also Osenbrock v. Apfel*, 240 F.3d 1157, 1164-65 (9th Cir. 2001) (An ALJ is free to accept or reject restrictions in a hypothetical question that are not supported by substantial evidence.).

Finally, Shea's allegations do not show that the ALJ's behavior reflected a clear inability to render fair judgment, and they are not sufficient to rebut the presumption of impartiality. *See Rollins v. Massanari*, 261 F.3d 853, 857–58 (9th Cir. 2001) (In order to rebut the presumption that an ALJ is unbiased, a claimant must "show that the ALJ's behavior, in the context of the whole case, was 'so extreme as to display clear inability to render fair judgment.'").

**AFFIRMED**.

3